B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>A. BURTON SHUFORD, Trustee for the bankruptcy estate of<br>William N. Adkins | DEFENDANTS<br>PATTEN SALES AND MARKETING, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>R. KEITH JOHNSON<br>1275 S. Hwy. 16, Stanley, NC 28164 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>WILLIAM N. ADKINS | BANKRUPTCY CASE NO.<br>12-31050 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitley |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br><br>A. BURTON SHUFORD, Trustee | DEFENDANT<br><br>Patten Sales and Marketing, LLC | ADVERSARY<br>PROCEEDING NO.<br>19-03048 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitley |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>August 23, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>R. KEITH JOHNSON | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **WILLIAM N. ADKINS** | ) | **CASE NO. 12-31050** |
| | ) | **CHAPTER 7** |
| Debtor. | ) | |
| | ) | |
| **A. BURTON SHUFORD, Trustee for the** | ) | |
| **bankruptcy estate of William N. Adkins,** | ) | **ADV. PROC. NO. 19-_____** |
| | ) | |
| Plaintiff, | ) | |
| **v.** | ) | **COMPLAINT TO DETERMINE** |
| | ) | **VALIDITY OF LIEN** |
| **PATTEN SALES AND MARKETING, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**THE PLAINTIFF,** complaining of the Defendant, says as follows:

1.      On 4 May 2012 William N. Adkins (hereinafter "Debtor") filed a voluntary Chapter 7 bankruptcy case in this Court.

2.      In his Schedule A, the Debtor listed a fifty percent (50%) ownership as a tenant in common with his twin brother of 11.894 acres in Ashe County, North Carolina.

3.      In his Schedule A the Debtor indicated that the value of his interest in the 11.894 acres was $25,000.00, and that it was pledged as collateral to BB&T for a $2.5 million dollar loan.

4.      On 15 March 2010 a Deed of Trust was recorded in the Ashe County Registry in favor of BB&T wherein the 11.894 acre tract was pledged to BB&T as collateral for a loan of $2,275,000.00, said Deed of Trust being recorded in Book 406, Page 2171, a copy of said Deed of Trust being attached hereto and incorporated by reference.

5.      Also on 15 March 2010 a second Deed of Trust with BB&T as beneficiary was recorded in the Ashe County Registry in Book 406, Page 2179 securing an indebtedness of $10,000,000.00, a copy of said Deed of Trust being attached hereto and incorporated by reference.

6.      On or about 11 March 2013 BB&T assigned to the Defendant certain loan documents, deeds of trust, security agreements, and other instruments pursuant to a Bill of Sale and Assignment of Loan Documents executed on 11 March 2013 by BB&T in favor of the Defendant, which said assignment was recorded in the Ashe County Registry on 21 January 2014 in Book 447 at Page 2246, a copy of said Bill of Sale and Assignment of Loan Documents being attached hereto and incorporated by reference.

7.      Also on 21 January 2014, for unknown reasons, an Assignment of Security Instruments from BB&T to the Defendant was recorded in the Ashe County Registry in Book 447, Page 2256 (executed on 11 March 2013) which specifically assigned to the Defendant the two (2) Deeds of Trust referenced above, a copy of the Assignment of Security Instruments in Book 447, Page 2256 being attached hereto and incorporated by reference.

8.      The Defendant, in sworn testimony and written documents, has disavowed any ownership interest in the two (2) Deeds of Trust referenced above.

9.      There is no valid and conclusive evidence that the two (2) Deeds of Trust referenced above have been transferred or otherwise assigned to any entity.

10.      The Trustee is entitled to an order from the Court that the two (2) Deeds of Trust referenced above do not constitute a lien on property of the bankruptcy estate consisting of a one-half (1/2) interest in 11.894 acres, as the assignee of those documents no longer claims any interest in those documents.

**WHEREFORE,** the Plaintiff prays that the Court enter its order declaring as void and ineffective the two (2) Deeds of Trust referenced above recorded in the Ashe County Registry in Book 406, Page 2171, and Book 406, Page 2179.

This the 23rd day of August, 2019.

/s/ R. Keith Johnson
R. Keith Johnson,
Attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200

0406
2171

FILED
ASHE COUNTY
SHIRLEY B. WALLACE
REGISTER OF DEEDS

BK: 00406  PG: 2171

| | |
|---|---|
| FILED | Mar 15, 2010 |
| AT | 04:03:14 pm |
| BOOK | 00406 |
| START PAGE | 2171 |
| END PAGE | 2178 |
| INSTRUMENT # | 00995 |

## NORTH CAROLINA DEED OF TRUST AND SECURITY AGREEMENT
### (Collateral Includes Fixtures)

SATISFACTION: The debt secured by this Deed of Trust, as evidenced by the Note or other Document secured thereby, has been satisfied in full. This the ___ day of ___, 20__.

Signed: _____

Mail after recording to: Howard, Stallings, From & Hutson, P.A. P.O. Box 12347, Raleigh, NC 27605
Attn: Kathleen Coyle

This instrument was prepared by: Kathleen Coyle, Esq.

Brief description for index: _____

THIS DEED OF TRUST AND SECURITY AGREEMENT (including any exhibits and/or riders attached hereto, and any modifications and amendments hereof, the "Deed of Trust") is made as of this 12th day of March, 2010 by and among:

| GRANTORS: | TRUSTEE: |
|---|---|
| William N. Adkins and wife, Lavinia Adkins, and | BB&T Collateral Service Corporation |
| Mark R. Adkins, Single | 900 S. Gay Street |
| 17505 W. Catawba Avenue | Knoxville, TN 37902 |
| Suite 350 | |
| Cornelius, NC 28031 | |

BENEFICIARY:
BRANCH BANKING AND TRUST COMPANY, a
North Carolina banking corporation
900 S. Gay Street, Knoxville, TN 37902

☒ IF BOX CHECKED, THIS DEED OF TRUST SECURES AN OBLIGATION INCURRED FOR THE CONSTRUCTION OF AN IMPROVEMENT ON LAND

THE PARTIES AGREE TO THE FOLLOWING PROVISIONS:

1. The maximum principal amount of the Debt (defined below), including present and future advances and/or present and future obligations, secured by this Deed of Trust TWO MILLION TWO HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($2,275,000.00).

2. The Debt, on the date hereof, is evidenced by a Note or other Document (as defined herein) described by name, parties, dollar amount, and date as follows: (i) that Promissory Note dated March 12, 2010 in the amount of $1,800,000.00 executed by Waterfront Group NC, LLC and Landstar Development, LLC (each a "Borrower" and collectively the "Borrowers") and may be evidenced by and shall at all times be deemed to include any other Note or other Document now or hereafter evidencing any debt whatsoever incurred by Grantors and/or Borrowers and/or either Borrower and payable to Beneficiary, the terms of which are incorporated by reference; and (ii) all indebtedness and obligations of Grantors or Borrowers to Beneficiary (or an affiliate of Beneficiary) under any interest rate swap transactions, interest rate cap and/or floor transactions, interest rate collar transactions, swap agreements (as defined in 11 U.S.C. § 101) or other similar transactions or agreements, including without limitation any ISDA Master Agreement executed by Grantors or Borrowers and all Schedules and Confirmations entered into in connection therewith, hereinafter collectively referred to as a "Hedge Agreement," the terms of which are incorporated herein by reference.

3. Grantors have granted this Deed of Trust, in part, in the form of a hypothecated security in that it is given, in part, to secure the debt of another, to wit: the indebtedness evidenced by that promissory note dated March 12, 2010 in the amount of $1,800,000.00 executed by Borrowers (the "Promissory Note"), and any other Note or other Document now or hereafter evidencing any debt whatsoever incurred by Borrowers or either Borrower and payable to Beneficiary to and for the benefit of Beneficiary (the "Other Notes"). Grantors recognize that they will derive a material and direct benefit from the loans evidenced by the Promissory Note and Other Notes, and in

1769 NC NB

accordance therewith, Grantors agree that such interest and benefit are sufficient consideration to support this Deed of Trust. Notwithstanding any contrary provision in this instrument, Grantors expressly acknowledge, covenant, and agree that, in the event of default under the Promissory Note and/or Other Notes, it shall likewise be deemed an event of default under the terms of this Deed of Trust giving rise to all rights and remedies as set forth in this Deed of Trust for default. Grantors expressly agree that, upon such default, Beneficiary may elect to enforce any rights and remedies which it may have under this Deed of Trust. The foregoing are made by Grantors as an inducement to Beneficiary to enter into loan transactions secured hereby.

4. Pursuant to the provisions of Sections 45-67, *et seq.*, of the North Carolina General Statutes, this Deed of Trust secures the payment of the Debt, including present and future advances and/or future obligations.

5. The current principal amount of the Debt advanced on the date hereof (including any outstanding amounts advanced previously) by Beneficiary is $-0- (if none, so state).

6. No execution of a written instrument or notation shall be necessary to evidence or secure any future advances and/or future obligations made hereunder. The period within which future advances and/or future obligations are to be made shall be the thirty year period beginning on the date of this Deed of Trust.

7. The real property which is the subject of this Deed of Trust is located in the Township of Obids, in the County of Ashe, in the State of North Carolina, and the legal description of the real property is set forth in Exhibit A attached hereto and incorporated herein.

STATEMENT OF PURPOSE: In this Deed of Trust, reference shall be made simply to the "Note or other Document," and such a reference is deemed to apply to all of the instruments which evidence or describe the Debt, or which secure or guaranty its payment, and to all renewals, extensions, modifications and substitutions thereof, whether heretofore or hereafter executed, and includes without limitation all writings described generally and specifically on the first page of this Deed of Trust in numbered paragraph 2. This Deed of Trust shall secure the performance of all existing and future obligations of Grantor, Borrowers, and of any third party to Beneficiary which are described in this Deed of Trust or in the Note or other Document, and such performance includes the payment of the Debt. In this Deed of Trust, the definition of "Debt" includes: (i) the principal; (ii) all accrued interest and late fees, if so provided in the Note or other Document; (iii) all renewals, extensions or modifications of any obligation under the Note or other Document (even if such renewals, extensions or modifications are evidenced by new notes or other documents); (iv) all indebtedness and obligations under any Hedge Agreement; (v) all other obligations of Grantor or Borrowers to Beneficiary which are described in this Deed of Trust, or in the Note or other Document (for example, payment of any attorneys' fees of Beneficiary, insurance premiums, *ad valorem* taxes, environmental reports, and appraisals); and (vi) all future advances and/or future obligations made to Grantor or Borrowers including without limitation any advance made to pay any draft or drawing under any commercial or standby letter of credit issued by Beneficiary on the account of Grantor or Borrowers.

NOW, THEREFORE, for the purposes and under the conditions described in this Deed of Trust and in consideration of the Debt and the mutual promises of Grantors and Beneficiary, Grantors hereby convey to Trustee, in trust, with power of sale, the real property described in this Deed of Trust, together with any improvements, equipment and fixtures existing or hereafter placed on or attached to this real property, all proceeds thereof and all other appurtenant rights and privileges. The term "Property" shall include the real property described in Exhibit A and all improvements and fixtures thereon, and all appurtenant rights and privileges thereto.

TO HAVE AND TO HOLD the Property to Trustee, its successors and assigns, but upon the trust, and under the terms and conditions of this Deed of Trust, to which Grantors, Trustee and Beneficiary hereby agree:

1. PERFORMANCE BY GRANTORS. Grantors shall fulfill all of Grantors' obligations as specified in this Deed of Trust and the Note or other Document.

2. TAXES, DEEDS OF TRUST, OTHER ENCUMBRANCES. Grantors shall make timely payment of all *ad valorem* taxes, assessments or other charges or encumbrances which may constitute a lien upon the Property. Grantors shall timely pay and perform any obligation, covenant or warranty contained in any other deed of trust or writing (herein "Other Deed of Trust") which gives rise to or may constitute a lien upon any of the Property. Grantors shall upon request of Beneficiary promptly furnish satisfactory evidence of such payment or performance. Grantors shall not enter into, terminate, cancel, or amend any lease affecting the Property or any part thereof without the prior written consent of Beneficiary. Grantors shall timely perform all terms of any lease or sublease of the Property or any part thereof.

3. INSURANCE. Grantors shall continuously maintain insurance on all improvements which are now existing and which might hereafter become part of the Property against loss by fire, flood and other hazards, casualties and contingencies in such amounts and for such periods as may be required from time to time by Beneficiary, and Grantors shall pay promptly, when due, any premiums on the insurance. If it is determined at any time that any of the Property is located in a flood hazard area as defined in the Flood Disaster Protection Act of 1973, the Grantors shall obtain and maintain flood insurance on Property at Grantors' expense for as long as this Deed of Trust is in effect. Flood insurance coverage shall be in an amount equal to the lesser of (i) the maximum amount secured as set forth herein or (ii) the maximum limit of coverage made available for the particular type of property under the law. If Grantors shall fail to procure or maintain insurance or flood insurance coverage in the specified amount for the Property within a reasonable time of receiving notice from Beneficiary of either the requirement or of the lapse of an existing policy, Beneficiary may, but is not obligated to, expend for the account of

1769 NC NB

0406
2173

BK: 00406   PG: 2173

Grantors any sums which may be necessary to purchase the required hazard or flood insurance, which shall be fully secured by this Deed of Trust and which shall accrue interest from the time expended until paid at the rate set forth in the Note or other Document. All insurance shall be carried with companies approved by Beneficiary, and Grantors shall cause all policies and renewals thereof to be delivered to Beneficiary. All policies shall contain loss payable clauses (New York long form) in favor of and in form acceptable to Beneficiary. In the event of loss, Grantors shall give immediate written notice to Beneficiary, and Beneficiary may make proof of loss if such is not made promptly by Grantors. Each insurer is hereby expressly authorized and directed by Grantors to make payment for the loss directly and solely to Beneficiary. Beneficiary may apply the insurance proceeds, or any part thereof, in its sole discretion and at its option, either to the reduction of the Debt or to the restoration or repair of any portion of the Property damaged, but Beneficiary shall not be obligated to see to the proper application of any amount paid over to Grantors.

4. ESCROW DEPOSITS. Upon demand of Beneficiary, Grantors shall deposit with Beneficiary or add to each payment required under the Note or other Document the amount estimated by Beneficiary to be sufficient to enable Beneficiary to pay as they become due all taxes, charges, assessments, and insurance premiums which Grantors are required to pay. Further, any deficiency occasioned by an insufficiency of such additional payments shall be deposited by Grantors with Beneficiary upon demand.

5. PRESERVATION AND MAINTENANCE OF THE PROPERTY. Grantors shall keep the Property in as good order and repair as it now is (reasonable wear and tear excepted) and shall neither commit nor permit any waste or any other occurrence or use which might impair the value of the Property. Grantors shall not initiate or acquiesce in a change in the zoning classification of the Property or make or permit any structural alteration thereof without Beneficiary's prior written consent.

6. COMPLIANCE WITH LAWS. Grantors shall regularly and promptly comply with any applicable legal requirements of the United States, the State of North Carolina or other governmental entity, agency or instrumentality relating to the use or condition of the Property.

7. CONDEMNATION AWARD. Any award for the taking of, or damages to, all or any part of the Property or any interest therein upon the lawful exercise of the power of eminent domain shall be payable solely to Beneficiary, which may apply the sums so received to payment of the Debt.

8. PAYMENTS BY BENEFICIARY. If Grantors or Borrowers shall be in default in the timely payment or performance of any of Grantors' or Borrowers' obligations under the Note or other Document, under this Deed of Trust or Other Deed of Trust, Beneficiary may, but is not obligated to, expend for the account of Grantors or Borrowers, without Grantors' or Borrowers' consent or notice, any sums, expenses, premiums and fees which Beneficiary believes appropriate for the protection of the Property and the maintenance and execution of this trust. Any amounts so expended shall be deemed principal advances fully secured by this Deed of Trust, shall bear interest from the time expended until paid at the rate of interest accruing on the Debt, and shall be due and payable on demand.

9. RENTS AND PROFITS. Grantors hereby assign to Beneficiary all future rents and profits from the Property as additional security for the payment of the Debt and for the performance of all obligations secured by this Deed of Trust. Grantors hereby appoint Beneficiary as Grantors' attorney-in-fact to collect any rents and profits, with or without suit, and to apply the same, less expenses of collection, to the Debt or to any obligations secured by this Deed of Trust in any manner as Beneficiary may desire. Such appointment of Beneficiary shall be a power coupled with an interest and shall remain in full force and effect as long as any portion of the Debt remains outstanding. However, until default under the Note or other Document or under this Deed of Trust, Grantors may continue to collect and retain the rents and profits without any accountability to Beneficiary. Beneficiary's election to pursue the collection of the rents or profits shall be in addition to all other remedies which Beneficiary might have and may be put into effect independently of or concurrently with any other remedy.

10. SECURITY INTEREST. All the fixtures and equipment which comprise a part of the Property shall, as far as permitted by law, be deemed to be affixed to the aforesaid land and conveyed therewith. As to the balance of the fixtures, this Deed of Trust shall be considered to be an authenticated security agreement which creates a security interest in such fixtures for the benefit of Beneficiary. In that regard, Grantors grant to Beneficiary all of the rights and remedies of a secured party under the North Carolina Uniform Commercial Code (the "UCC"). Grantors hereby authorize Beneficiary to file any UCC Financing Statements it deems necessary or required to perfect, continue, amend or maintain the security interest created hereby. Grantors hereby irrevocably (as long as the Debt remains unpaid) make, constitute and appoint Beneficiary as the true and lawful attorney-in-fact of Grantors to sign the names of Grantors on any similar document or amendment thereto deemed necessary to perfect or continue such security interests. However to the extent allowed by law, this Deed of Trust shall be a financing statement sufficient to perfect and maintain any security interest created hereby in the Property and its Proceeds. Grantors shall be deemed to be the "Debtor" and Beneficiary shall be deemed the "Secured Party" and the legal name and address of each party is located on page 1 of this Deed of Trust.

11. GRANTORS' CONTINUING OBLIGATION. This Deed of Trust shall remain as security for full payment of the Debt and for performance of any existing and/or future obligation or future advance evidenced by the Note or other Document, notwithstanding any of the following: (a) the sale or release of all or any part of the Property; (b) the assumption by another party of Grantors' obligations under this Deed of Trust, the Note or other Document; (c) the forbearance or extension of time for payment of the Debt or for performance of any obligations under this Deed of Trust, the Note or other Document, whether granted to Grantors or to a subsequent owner of the

1769 NC NB

Page 3 of 8

Property; or (d) the release of any party who has assumed payment of the Debt or who assumed any other obligations under this Deed of Trust, the Note or other Document. None of the foregoing shall, in any way, affect the full force and effect of the lien of this Deed of Trust or impair Beneficiary's right to a deficiency judgment in the event of foreclosure against Grantors or any party who had assumed payment of the Debt or who assumed any other obligations the performance of which is secured by this Deed of Trust.

12. SUBSTITUTION OF TRUSTEE. Beneficiary shall have the unqualified right to remove the individual designated as Trustee on the first page of this Deed of Trust, and to appoint one or more substitute or successor Trustees by instruments filed for registration in the County Registry where this Deed of Trust is recorded. Any such removal or appointment may be made at any time and from time to time without notice to or consent by Grantors, without specifying any reason therefor, and without any court approval. Any such appointee shall become fully vested with title to the Property and with all rights, powers and duties conferred upon the individual originally designated as Trustee, in the same manner and to the same effect as though that party were named herein as the original Trustee.

13. INDEMNIFICATION IN EVENT OF ADVERSE CLAIMS. In the event that Beneficiary or Trustee voluntarily or otherwise shall become parties to any suit or legal proceeding involving the Property, they shall be saved harmless and shall be reimbursed by Grantors for any amounts paid, including all costs, charges and attorney's fees incurred in any such suit or proceeding, and the same shall be secured by this Deed of Trust and payable upon demand.

14. INSPECTION. Beneficiary may at any reasonable time and from time to time make or cause to be made reasonable entries upon, investigations, and inspections of the Property, including without limitation any inspections or investigations such as sampling and testing which may be necessary or desirable to review compliance with Environmental Laws.

15. WARRANTIES. Grantors covenant with and warrant to Trustee and Beneficiary that Grantors are seized of the Property in fee simple, has the right to convey the same in fee simple, that title to the Property is marketable and free and clear of all encumbrances, and that Grantors will warrant and defend the title against the lawful claims of all persons whomsoever, subject only to any permitted declarations, easements, restrictions or encumbrances listed in the title opinion or title insurance policy which Beneficiary obtained in the transaction in which Beneficiary obtained this Deed of Trust.

16. ATTORNEYS' FEES. In the event that Grantors or Borrowers shall default in their obligations under this Deed of Trust, the Note or other Document, and Beneficiary employs an attorney to assist in the collection of the Debt or to enforce compliance of Grantors or Borrowers with any of the provisions of this Deed of Trust, the Note or other Documents or in the event Beneficiary or Trustee shall become parties to any suit or legal proceeding (including any proceeding conducted before any United States Bankruptcy Court) concerning the Property, concerning the lien of this Deed of Trust, concerning collection of the Debt or concerning compliance by Grantors with any of the provisions of this Deed of Trust, the Note or other Document, Grantors shall pay Beneficiary's reasonable attorneys' fees and all of the costs that may be incurred, and such fees and costs shall be secured by this Deed of Trust and its payment enforced as if it were a part of the Debt. Grantors shall be liable for such attorneys' fees and costs whether or not any suit or proceeding is commenced.

17. ANTI-MARSHALLING PROVISIONS. Trustee and Beneficiary may grant releases at any time and from time to time of all or any portion of the Property (whether or not such releases are required by agreement among the parties) agreeable to Trustee and Beneficiary without notice to or the consent, approval or agreement of other parties and interests, including junior lienors and purchasers subject to the lien of this Deed of Trust, and such releases shall not impair in any manner the validity of or priority of this Deed of Trust on that portion of the Property remaining subject to this Deed of Trust, nor release Grantors from personal liability for the Debt. Notwithstanding the existence of any other security interests in the Property held by Beneficiary or by any other party, Beneficiary shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies available to Beneficiary, and Beneficiary shall further have the right to determine the order in which any or all portions of the Debt are satisfied from the proceeds realized upon the exercise of any remedy it has. Grantors, or any party who consents to this provision, or any party who has actual or constructive notice hereof, hereby waive any and all rights to require the marshalling of assets in connection with the exercise of any of the remedies permitted by applicable law or provided herein.

18. ENVIRONMENTAL WARRANTIES, INDEMNITIES AND AGREEMENTS. Grantors for themselves, their successors and assigns represent, warrant and agree that (a) neither Grantors nor any other person has generated, manufactured, stored, treated, processed, released, discharged or disposed of any Hazardous Materials on the Property or received any notice from any Governmental Authority (hereinafter defined) or other person with regard to a release of Hazardous Materials on, from or otherwise affecting the Property; (b) neither Grantors or any other person has violated any applicable Environmental Laws (hereinafter defined) relating to or affecting the Property; (c) the Property is presently being operated in compliance with all Environmental Laws; there are no circumstances presently existing upon or under the Property, or relating to the Property which may violate any applicable Environmental Laws, and there is not now pending, or threatened, any action, suit, investigation or proceeding against Grantors relating to the Property (or against any other party relating to the Property) seeking to enforce any right or remedy under any of the Environmental Laws; (d) except in strict compliance with Environmental Laws, the Property shall be kept free of Hazardous Materials and shall not be used to generate, manufacture, transport, treat, store, handle, dispose, process or release Hazardous Materials; (e) Grantors shall at all times comply with and ensure compliance by all other parties with all applicable Environmental Laws and shall keep the Property free and clear of any liens imposed pursuant to any applicable Environmental

1769 NC NB

0406
2175

BK: 00406    PG: 2175

Laws; (f) Grantors has obtained and will at all times continue to obtain and/or maintain all licenses, permits and other directives from any Governmental Authority necessary to comply with Environmental Laws; Grantord are in full compliance with the terms and provisions of the Environmental Requirements (hereinafter defined) and will continue to comply with the terms and provisions of the Environmental Requirements; (g) Grantors shall immediately give Beneficiary oral and written notice in the event that Grantors receive any notice from any Governmental Authority or any other party with regard to any release or storage of Hazardous Materials on, from or affecting the Property and shall conduct and complete all investigations, sampling, and testing, and all remedial, removal, and other actions necessary or required to clean up and remove all Hazardous Materials on, from or affecting the Property in accordance with all applicable Environmental Laws. Grantors hereby agree to indemnify Beneficiary and hold Beneficiary harmless from and against any and all losses, liabilities, damages, injuries (including, without limitation, reasonable attorneys' fees) and claims of any and every kind whatsoever paid, incurred or suffered by, or asserted against Beneficiary for, with respect to, or as a direct or indirect result of (i) the presence on, or under, or the escape, spillage, emission or release on or from the Property of any Hazardous Material regardless of whether or not caused by or within the control of Grantors, (ii) the violation of any Environmental Laws or Environmental Requirements relating to or affecting the Property, whether or not caused by or within the control of Grantors, (iii) the failure by Grantors to comply fully with the terms and provisions of this paragraph, or (iv) any warranty or representation made by Grantors in this paragraph being false or untrue in any material respect. The obligations and liabilities of Grantors under this paragraph shall survive the foreclosure of the Deed of Trust, the delivery of a deed in lieu of foreclosure, the cancellation of the Note; or if otherwise expressly permitted in writing by the Bank, the sale or alienation of any part of the Property.

In the event that any of the Grantors' representations or warranties shall prove to be materially false or Grantors fail to satisfy any Environmental Requirement, Beneficiary, in its sole discretion, may (i) choose to assume compliance with governmental directives and the Grantors agree to reimburse Beneficiary for all costs, expenses (including all reasonable attorneys' fees, whether in-house or independent), fines, penalties, judgments, suits, or liabilities whatsoever associated with such compliance; or (ii) seek all legal and equitable remedies available to it including, but not limited to, injunctive relief compelling Grantors to comply with all Environmental Requirements relating to the Property. Beneficiary's rights hereunder shall be in addition to all rights granted under the Note or other Document and payments by Grantors under this provision shall not reduce Grantors' obligations and liabilities thereunder. In the event Beneficiary undertakes compliance with Environmental Requirements which Grantors failed to perform or which Beneficiary determines is necessary to sell all or any part of the Property, Grantors authorize Beneficiary and/or Beneficiary's agents to prepare and execute on Grantors' behalf, any manifest or other documentation relating to the removal and/or disposal of any Hazardous Materials, from, at or on the Property. Grantors acknowledge that Beneficiary does not own, or have a security interest in, any Hazardous Materials which exist on, originate from or affect the Property. All amounts expended by the Beneficiary in connection with the exercise of its rights hereunder (including reasonable attorneys' fees and the fees of any environmental consultants) shall become part of the indebtedness secured by this Deed of Trust.

For purposes of this Deed of Trust: "Environmental Laws" means the Comprehensive Environmental Response, Compensation and Liability Act, the Hazardous Materials Transportation Act, the Resource Conservation and Recovery Act, any "Super Fund" or "Super Lien" law, or any other federal, state, or local law, regulation or decree regulating, relating to or imposing liability or standards of conduct concerning any Hazardous Materials. "Environmental Requirement" means any administrative orders, directives, judgments, consent orders, permits, licenses, authorizations, consents, settlements, agreements or other formal or informal directions or guidance issued by or entered into with any Governmental Authority or private party, including the provisions of any Environmental Law, which obligate or commit Grantors to investigate, remediate, treat, monitor, dispose or remove Hazardous Materials. "Governmental Authority" means any federal, state or local agency, department, court or other administrative legislative or regulatory federal, state or local governmental body, or any private individual or entity acting in place of such entities. "Hazardous Materials" means and includes petroleum products, any flammable explosives, radioactive materials, asbestos or any material containing asbestos, and/or any hazardous, toxic or dangerous waste, substance or material defined as such in the Environmental Laws.

    19. EVENTS OF DEFAULT. Grantors shall be in default under this Deed of Trust upon the occurrence of any of the following:

    (a) Default in the payment or performance of any of the Debt, or of any covenant or warranty in this Deed of Trust, in the Note or other Document, in any Hedge Agreement or other note or instrument of Grantors or Borrowers to Beneficiary; or in any contract between Grantors and Beneficiary; or in any contract between any third party and Beneficiary made for the benefit of Grantors; or

    (b) Any warranty, representation or statement made or furnished to Beneficiary by or on behalf of Grantors or Borrowers in connection with this transaction proving to have been false in any material respect when made or furnished; or

    (c) Loss, theft, substantial damage, destruction to or of the Property, or the assertion or making of any levy, seizure, mechanic's or materialmen's lien or attachment thereof or thereon; or

    (d) Death, dissolution, termination of existence, insolvency, business failure, appointment of a Receiver for any part of the property of Grantors, assignment for the benefit of creditors by, or the inability to pay debts in the ordinary course of business of Grantors, Borrowers or any co-maker, endorser, guarantor or surety therefor; or

    (e) Failure of any corporate Grantor, Borrower or any co-maker, endorser, guarantor or surety for Grantors or Borrowers to maintain its legal existence in good standing; or

1769 NC NB

Page 5 of 8

(f)  Upon the entry of any monetary judgment or the assessment of filing of any tax lien against Grantors or Borrowers; or upon the issuance of any writ of garnishment or attachment against any property of debts due or rights of Grantors or Borrowers; or

(g)  The sale (including sale by land contract upon delivery of possession), transfer or encumbrance of all or any part of the Property or any interest therein, or any change in the ownership or control of Grantors or Borrowers, without Beneficiary's prior written consent; or

(h)  If Beneficiary in good faith should otherwise deem itself, its security interests, the Property or the Debt unsafe or insecure; or should Beneficiary in good faith otherwise believe that the prospect of payment or other performance is impaired.

20.  REMEDIES OF BENEFICIARY UPON DEFAULT.  Upon the occurrence of any event of default, Beneficiary may, at its option, without prior notice to Grantors, declare the Debt to be immediately due and payable in full; and, on application of Beneficiary, Trustee shall foreclose this Deed of Trust in any manner permitted by North Carolina law, including selling the Property or any part thereof at public sale to the last and highest bidder for cash, free of any equity of redemption, homestead, dower, courtesy or other state or federal exemption, all of which are expressly waived by Grantors, after compliance with applicable North Carolina laws relating to foreclosure sales under power of sale; and Trustee shall execute and deliver to the purchaser a Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  The proceeds of any such sale shall be applied in the manner and in the order prescribed by applicable North Carolina law, it being agreed that the expenses of any such sale shall include a commission of five per cent of the gross sales price to Trustee for holding such sale and for all services performed by it hereunder excluding expenses incurred in making sale.  In the event a foreclosure suit or special proceeding is commenced, and no sale is held, then Grantors shall pay to Trustee: 1) all expenses incurred by Trustee and 2) a partial commission computed on five per cent of the balance of the unpaid Debt.  Beneficiary may bid and become the purchaser at any sale under this Deed of Trust.  At any such sale Trustee may at its election require the successful bidder immediately to deposit with Trustee cash in an amount equal to all or any part of the successful bid, and notice of any such requirement need not be included in the advertisement of the notice of such sale.  If foreclosure proceedings are instituted under this Deed of Trust, Trustee is hereby authorized to take possession of the Property and collect any rental, accrued or to accrue; or Trustee may lease the Property or any part thereof, receive the rents and profits therefrom, and hold the proceeds remaining after payment of the expenses of managing and operating the Property subject to the order of the court for the benefit of Beneficiary, pending final disposition of the foreclosure proceedings, and during any period allowed by applicable law for the redemption from any foreclosure sale ordered in such proceedings; and Trustee may act irrespective of the value of the Property or its adequacy or inadequacy to secure or discharge the indebtedness then owing.

In addition, if a default shall have occurred and be continuing, Beneficiary, upon application to a court of competent jurisdiction, shall be entitled as a matter of right without notice and without regard to the occupancy or value of any security for the Debt or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and operate the Property and collect and apply the revenues, and Grantors hereby consent thereto.  The receiver shall have all of the rights and powers permitted under the laws of the State of North Carolina.  Grantors will pay to Beneficiary upon demand, all expenses, including receivers' fees, reasonable attorneys' fees, costs and agent's compensation, all incurred pursuant to such appointment, all of which shall be considered a part of the Debt secured hereby.  In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition or other proceedings affecting Grantors or the creditors or property of Grantors, Beneficiary, to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have the claims of Beneficiary allowed in such proceedings for the entire amount of the Debt at the date of the institution of such proceedings and for any additional portion of the Debt accruing after such date.

21.  RELEASE AND CANCELLATION.  Upon fulfillment of all of obligations, the performance of which is secured by this Deed of Trust, and upon payment of the Debt, this Deed of Trust and the Note or other Document shall be marked "Satisfied" and returned to Grantors, and this conveyance shall be null and void and may be cancelled of record at the request and cost of Grantors, and title to the Property shall revert as provided by law.

22.  MISCELLANEOUS.  The captions and headings of the paragraphs of this Deed of Trust are for convenience only and shall not be used to interpret or define any provisions.  All remedies provided herein are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.  All covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors or assigns of the parties to this Deed of Trust, and the designations "Grantor(s)", "Trustee", "Beneficiary" and "Borrower(s)" include the parties, their heirs, executors, administrators, successors and assigns.  The designations "Corporate", "Corporation", and "Partnership" include limited liability companies and limited liability partnerships.  Whenever used, the singular number shall include the plural, and the plural the singular, and the use of any gender shall be applicable to all genders.  This Deed of Trust shall be governed and construed under North Carolina law.  Any forbearance by Beneficiary in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall                                                   not                                                   a waiver of or preclude the exercise of any such right or remedy.  The procurement of insurance or the payment of taxes or other liens or charges by Beneficiary shall not be a waiver of Beneficiary's right to accelerate the maturity of

1769 NC NB

Page 6 of 8

0406
2177

BK: 00406 PG: 2177

the Debt. Time is of the essence in the payment or performance of any of the obligations, or of any covenant or warranty contained in this Deed of Trust or in the Note, or other Document.

IN TESTIMONY WHEREOF, each individual Grantor has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside or near his signature, this sealed instrument being executed and delivered on the date first above written.

Grantor: _____ (SEAL)
William N. Adkins

Grantor: _____ (SEAL)
Lavinia Adkins

Grantor: _____ (SEAL)
Mark R. Adkins

STATE OF NORTH CAROLINA
COUNTY OF Wake

I, Laura Deaver, a Notary Public, do hereby certify that William N. Adkins, an individual, personally appeared before me this day and acknowledged that he voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 12th day of March, 2010.

NOTARY PUBLIC (SEAL)

_____ (SEAL)
Notary Public

My Commission Expires: 7/26/11

STATE OF NORTH CAROLINA
COUNTY OF Mecklenburg

I, AnnMarie Wilson, a Notary Public, do hereby certify that Lavinia Adkins, an individual, personally appeared before me this day and acknowledged that she voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 11th day of March, 2010.

(SEAL)

_____ (SEAL)
Notary Public

My Commission Expires: 7/28/12

STATE OF NORTH CAROLINA
COUNTY OF Wake

I, Laura Deaver, a Notary Public, do hereby certify that Mark R. Adkins, an individual, personally appeared before me this day and acknowledged that he voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 12th day of March, 2010.

NOTARY PUBLIC (SEAL)

_____ (SEAL)
Notary Public

My Commission Expires: 7/26/11

The foregoing or annexed certificate(s) of _____, Notary(ies) Public, has(have) been verified to have the signature, commission expiration date, and official seal, if required. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ REGISTER OF DEEDS FOR _____ COUNTY

By: _____ Deputy/Assistant – Register of Deeds

1769 NC NB

Page 7 of 8

Exhibit A
North Carolina Deed of Trust and
Security Agreement

BEING all that certain property situated in Obids Township, Ashe County, North Carolina, more particularly described as follows:

BEGINNING at a 7/8 inch iron pipe found at 1,092.30 feet, thence N 22 deg. 15' 01" E, 85.66 feet, thence W with boundary line of Landstar Development, LLC property, Deed Book 303, page 655, Ashe County Parcel ID# 12342-18; thence N 10 deg. 14' 14" W, 729.44 feet to an iron pipe found; thence N 20 deg. 21' 09" W, 20.47 feet; thence N 17 deg. 00' 28" W, 63.99 feet to a point; thence N 23 deg. 35' 09" W, 37.56 feet to a ½ inch iron pipe in the boundary line of property now or formerly owned by Beauford Marsh, Deed Book 324, page 1732-1733, parcel ID# 12342-344; thence S 77 deg. 28' 47" E, 238.84 feet to a 3/4 inch iron pipe found; thence S 59 deg. 46' 55" E, 149.90 feet to an iron pipe found; thence N 21 deg. 17' 46" E, 89.97 feet to an iron pipe found; thence with the boundary line of lands now or formerly owned by Beauford and Betty Mash, Deed Book 327, page 1325-1326 Parcel ID# 12342-346, S 69 deg. 03' 19" E, 553.25 feet to an iron found; thence N 32 deg. 47' 10" E, 81.67 feet to a 1/2-inch square pipe found; thence S 20 deg. 02' 00" E, 181.83 feet with an old road bed to a ¾" rebar set, thence S 53 deg. 02' 00" E, 67.41 feet to an iron pipe found, thence with the boundary line of property now or formerly owned by Homer Blan Mash and Evelyn Mash, Deed Book 365, pages 1196-1197, Parcel ID# 12342-047, S 61 deg. 51' 33" W, 1,094.26 feet to the point of BEGINNING, containing 11.894 acres, and being the lands surveyed by Tennessee Land Surveying Co., Fred C. Howell, a North Carolina Professional Land Surveyor, License #L-1483, as shown on that map entitled "Plat of Survey of the Property of Zell Miller" dated 11/09/2007, surveyed for: Mark & Will Adkins/ Landstar Development LLC.

It is the Grantors' intention by this conveyance to convey to the Trustee, its successors and assigns, along with the specifically described tract above, all and every interest they have in and to that certain 58 acre tract, more or less, that was conveyed by Don and Exie Mash to Beauford H. Mash, Zel Mash Miller, and H. Blen Mash by deed dated 18 October 1953, and recorded in Deed Book 141, at page 1077, Ashe County Registry.

All of the foregoing property is the same and identical property conveyed to WILLIAM N. ADKINS and MARK A. ADKINS (being one and the same person as Mark R. Adkins) by deed dated 12-6-07 from SHEILA MILLER, Single; GRADY MILLER and wife, BRENDA MILLER; MICHELLE MILLER, Single; and MELISSA M. TROYER and husband, RYAN TROYER, all heirs at law of Zell Miller (being one and the same person as Zel Mash Miller), recorded in Book 375 at Page 1975, Ashe County Registry.

0406
2179

ASHE COUNTY
SHIRLEY B. WALLACE
REGISTER OF DEEDS

BK: 00406    PG: 2179

| FILED | Mar 15, 2010 |
|---|---|
| AT | 04:04:24 pm |
| BOOK | 00406 |
| START PAGE | 2179 |
| END PAGE | 2187 |
| INSTRUMENT # | 00996 |

A/2

# NORTH CAROLINA DEED OF TRUST AND SECURITY AGREEMENT
## (Collateral Includes Fixtures)

SATISFACTION: The debt secured by this Deed of Trust, as evidenced by the Note or other Document secured thereby, has been satisfied in full. This the     day of         , 20  .

Signed:

Mail after recording to:  Howard, Stallings, From & Hutson, P.A.  P.O. Box 12347, Raleigh, NC 27605
Attn: Kathleen Coyle

This instrument was prepared by:  Kathleen Coyle, Esq.

Brief description for index:

THIS DEED OF TRUST AND SECURITY AGREEMENT (including any exhibits and/or riders attached hereto, and any modifications and amendments hereof, the "Deed of Trust") is made as of this 12th day of March, 2010 by and among:

**GRANTORS:**
William N. Adkins and wife, Lavinia Adkins, and
Mark R. Adkins, Single
17505 W. Catawba Avenue
Suite 350
Cornelius, NC 28031

**TRUSTEE:**
BB&T Collateral Service Corporation
900 S. Gay Street
Knoxville, TN 37902

**BENEFICIARY:**
BRANCH BANKING AND TRUST
COMPANY, a
North Carolina banking corporation
900 S. Gay Street, Knoxville, TN 37902

☒  IF BOX CHECKED, THIS DEED OF TRUST SECURES AN OBLIGATION INCURRED FOR THE CONSTRUCTION OF AN IMPROVEMENT ON LAND

THE PARTIES AGREE TO THE FOLLOWING PROVISIONS:

1. The maximum principal amount of the Debt (defined below), including present and future advances and/or present and future obligations, secured by this Deed of Trust is TEN MILLION DOLLARS ($10,000,000.00).

2. The Debt, on the date hereof, is evidenced by the Note or other Document (as defined herein) described as follows: (i) all obligations of Grantors and/or Borrowers (defined below) set forth on Schedule I attached hereto and incorporated herein by reference, together with any other Note or other Document now or hereafter evidencing any debt whatsoever incurred by Grantors and/or other Borrowers and payable to Beneficiary, the terms of which are incorporated herein by reference; and (ii) all indebtedness and obligations of Grantors or Borrowers to Beneficiary (or an affiliate of Beneficiary) under any interest rate swap transactions, interest rate cap and/or floor transactions, interest rate collar transactions, swap agreements (as defined in 11.U.S.C. § 101) or other similar transactions or agreements, including without limitation any ISDA Master Agreement executed by Grantors or Borrowers and all Schedules and Confirmations entered into in connection therewith, hereinafter collectively referred to as a "Hedge Agreement," the terms of which are incorporated herein by reference. The term "Borrower" or "Borrowers" as set forth in this Deed of Trust shall mean and include each entity and/or individual listed on Schedule I attached hereto that is indebted or obligated to Beneficiary.

3. Grantors have granted this Deed of Trust, in part, in the form of a hypothecated security in that it is given, in part, to secure the debt of another, to wit: the indebtedness evidenced by the promissory notes and other documents other than notes of Grantors (the "Other Notes") identified in Schedule I, which are (or have been) made and delivered by Borrowers to and for the benefit of Beneficiary. Grantors recognize that they will derive a material

1769 NC NB

Page 1 of 9

and direct benefit from the loans evidenced by the Other Notes, and in accordance therewith, Grantors agree that such interest and benefit are sufficient consideration to support this Deed of Trust. Notwithstanding any contrary provision in this instrument, Grantors expressly acknowledge, covenant, and agree that, in the event of default under the Other Notes, it shall likewise be deemed an event of default under the terms of this Deed of Trust giving rise to all rights and remedies as set forth in this Deed of Trust for default. Grantors expressly agree that, upon such default, Beneficiary may elect to enforce any rights and remedies which it may have under this Deed of Trust. The foregoing are made by Grantors as an inducement to Beneficiary to enter into loan transactions secured hereby.

4.  Pursuant to the provisions of Sections 45-67, *et seq.*, of the North Carolina General Statutes, this Deed of Trust secures the payment of the Debt, including present and future advances and/or future obligations.

5.  The current principal amount of the Debt advanced on the date hereof (including any outstanding amounts advanced previously) by Beneficiary is $8,822,867.86 (if none, so state).

6.  No execution of a written instrument or notation shall be necessary to evidence or secure any future advances and/or future obligations made hereunder.  The period within which future advances and/or future obligations are to be made shall be the thirty year period beginning on the date of this Deed of Trust.

7.  The real property which is the subject of this Deed of Trust is located in the Township of Obids, in the County of Ashe, in the State of North Carolina, and the legal description of the real property is set forth in Exhibit A attached hereto and incorporated herein.

STATEMENT OF PURPOSE:  In this Deed of Trust, reference shall be made simply to the "Note or other Document," and such a reference is deemed to apply to all of the instruments which evidence or describe the Debt, or which secure or guaranty its payment, and to all renewals, extensions, modifications and substitutions thereof, whether heretofore or hereafter executed, and includes without limitation all writings described generally and specifically on the first page of this Deed of Trust in numbered paragraph 2 and on Schedule I attached hereto. This Deed of Trust shall secure the performance of all existing and future obligations of Grantor, Borrowers, and of any third party to Beneficiary which are described in this Deed of Trust or in the Note or other Document, and such performance includes the payment of the Debt.  In this Deed of Trust, the definition of "Debt" includes:  (i) the principal; (ii) all accrued interest and late fees, if so provided in the Note or other Document; (iii) all renewals, extensions or modifications of any obligation under the Note or other Document (even if such renewals, extensions or modifications are evidenced by new notes or other documents); (iv) all indebtedness and obligations under any Hedge Agreement; (v) all other obligations of Grantor or Borrowers to Beneficiary which are described in this Deed of Trust, or in the Note or other Document (for example, payment of any attorneys' fees of Beneficiary, insurance premiums, *ad valorem* taxes, environmental reports, and appraisals); and (vi) all future advances and/or future obligations made to Grantor or Borrowers including without limitation any advance made to pay any draft or drawing under any commercial or standby letter of credit issued by Beneficiary on the account of Grantor or Borrowers.

NOW, THEREFORE, for the purposes and under the conditions described in this Deed of Trust and in consideration of the Debt and the mutual promises of Grantors and Beneficiary, Grantors hereby convey to Trustee, in trust, with power of sale, the real property described in this Deed of Trust, together with any improvements, equipment and fixtures existing or hereafter placed on or attached to this real property, all proceeds thereof and all other appurtenant rights and privileges.  The term "Property" shall include the real property described in Exhibit A and all improvements and fixtures thereon, and all appurtenant rights and privileges thereto.

TO HAVE AND TO HOLD the Property to Trustee, its successors and assigns, but upon the trust, and under the terms and conditions of this Deed of Trust, to which Grantors, Trustee and Beneficiary hereby agree:

1.  PERFORMANCE BY GRANTORS.  Grantors shall fulfill all of Grantors' obligations as specified in this Deed of Trust and the Note or other Document.

2.  TAXES, DEEDS OF TRUST, OTHER ENCUMBRANCES.  Grantors shall make timely payment of all *ad valorem* taxes, assessments or other charges or encumbrances which may constitute a lien upon the Property. Grantors shall timely pay and perform any obligation, covenant or warranty contained in any other deed of trust or writing (herein "Other Deed of Trust") which gives rise to or may constitute a lien upon any of the Property. Grantors shall upon request of Beneficiary promptly furnish satisfactory evidence of such payment or performance. Grantors shall not enter into, terminate, cancel, or amend any lease affecting the Property or any part thereof without the prior written consent of Beneficiary.  Grantors shall timely perform all terms of any lease or sublease of the Property or any part thereof.

3.  INSURANCE. Grantors shall continuously maintain insurance on all improvements which are now existing and which might hereafter become part of the Property against loss by fire, flood and other hazards, casualties and contingencies in such amounts and for such periods as may be required from time to time by Beneficiary, and Grantors shall pay promptly, when due, any premiums on the insurance.  If it is determined at any time that any of the Property is located in a flood hazard area as defined in the Flood Disaster Protection Act of 1973, the Grantors shall obtain and maintain flood insurance on Property at Grantors' expense for as long as this Deed of Trust is in effect.  Flood insurance coverage shall be in an amount equal to the lesser of (i) the maximum amount secured as set forth herein or (ii) the maximum limit of coverage made available for the particular type of property under the law.  If Grantors shall fail to procure or maintain hazard or flood insurance coverage in the specified amount for the Property within a reasonable time of receiving notice from Beneficiary of either the

1769 NC NB

requirement or of the lapse of an existing policy, Beneficiary may, but is not obligated to, expend for the account of Grantors any sums which may be necessary to purchase the required hazard or flood insurance, which shall be fully secured by this Deed of Trust and which shall accrue interest from the time expended until paid at the rate set forth in the Note or other Document. All insurance shall be carried with companies approved by Beneficiary, and Grantors shall cause all policies and renewals thereof to be delivered to Beneficiary. All policies shall contain loss payable clauses (New York long form) in favor of and in form acceptable to Beneficiary. In the event of loss, Grantors shall give immediate written notice to Beneficiary, and Beneficiary may make proof of loss if such is not made promptly by Grantors. Each insurer is hereby expressly authorized and directed by Grantors to make payment for the loss directly and solely to Beneficiary. Beneficiary may apply the insurance proceeds, or any part thereof, in its sole discretion and at its option, either to the reduction of the Debt or to the restoration or repair of any portion of the Property damaged, but Beneficiary shall not be obligated to see to the proper application of any amount paid over to Grantors.

4.  ESCROW DEPOSITS. Upon demand of Beneficiary, Grantors shall deposit with Beneficiary or add to each payment required under the Note or other Document the amount estimated by Beneficiary to be sufficient to enable Beneficiary to pay as they become due all taxes, charges, assessments, and insurance premiums which Grantors are required to pay. Further, any deficiency occasioned by an insufficiency of such additional payments shall be deposited by Grantors with Beneficiary upon demand.

5.  PRESERVATION AND MAINTENANCE OF THE PROPERTY. Grantors shall keep the Property in as good order and repair as it now is (reasonable wear and tear excepted) and shall neither commit nor permit any waste or any other occurrence or use which might impair the value of the Property. Grantors shall not initiate or acquiesce in a change in the zoning classification of the Property or make or permit any structural alteration thereof without Beneficiary's prior written consent.

6.  COMPLIANCE WITH LAWS. Grantors shall regularly and promptly comply with any applicable legal requirements of the United States, the State of North Carolina or other governmental entity, agency or instrumentality relating to the use or condition of the Property.

7.  CONDEMNATION AWARD. Any award for the taking of, or damages to, all or any part of the Property or any interest therein upon the lawful exercise of the power of eminent domain shall be payable solely to Beneficiary, which may apply the sums so received to payment of the Debt.

8.  PAYMENTS BY BENEFICIARY. If Grantors or Borrowers shall be in default in the timely payment or performance of any of Grantors' or Borrowers' obligations under the Note or other Document, under this Deed of Trust or Other Deed of Trust, Beneficiary may, but is not obligated to, expend for the account of Grantors or Borrowers, without Grantors' or Borrowers' consent or notice, any sums, expenses, premiums and fees which Beneficiary believes appropriate for the protection of the Property and the maintenance and execution of this trust. Any amounts so expended shall be deemed principal advances fully secured by this Deed of Trust, shall bear interest from the time expended until paid at the rate of interest accruing on the Debt, and shall be due and payable on demand.

9.  RENTS AND PROFITS. Grantors hereby assign to Beneficiary all future rents and profits from the Property as additional security for the payment of the Debt and for the performance of all obligations secured by this Deed of Trust. Grantors hereby appoint Beneficiary as Grantors' attorney-in-fact to collect any rents and profits, with or without suit, and to apply the same, less expenses of collection, to the Debt or to any obligations secured by this Deed of Trust in any manner as Beneficiary may desire. Such appointment of Beneficiary shall be a power coupled with an interest and shall remain in full force and effect as long as any portion of the Debt remains outstanding. However, until default under the Note or other Document or under this Deed of Trust, Grantors may continue to collect and retain the rents and profits without any accountability to Beneficiary. Beneficiary's election to pursue the collection of the rents or profits shall be in addition to all other remedies which Beneficiary might have and may be put into effect independently of or concurrently with any other remedy.

10.  SECURITY INTEREST. All the fixtures and equipment which comprise a part of the Property shall, as far as permitted by law, be deemed to be affixed to the aforesaid land and conveyed therewith. As to the balance of the fixtures, this Deed of Trust shall be considered to be an authenticated security agreement which creates a security interest in such fixtures for the benefit of Beneficiary. In that regard, Grantors grant to Beneficiary all of the rights and remedies of a secured party under the North Carolina Uniform Commercial Code (the "UCC"). Grantors hereby authorize Beneficiary to file any UCC Financing Statements it deems necessary or required to perfect, continue, amend or maintain the security interest created hereby. Grantors hereby irrevocably (as long as the Debt remains unpaid) make, constitute and appoint Beneficiary as the true and lawful attorney-in-fact of Grantors to sign the names of Grantors on any similar document or amendment thereto deemed necessary to perfect or continue such security interests. However to the extent allowed by law, this Deed of Trust shall be a financing statement sufficient to perfect and maintain any security interest created hereby in the Property and its Proceeds. Grantors shall be deemed to be the "Debtor" and Beneficiary shall be deemed the "Secured Party" and the legal name and address of each party is located on page 1 of this Deed of Trust.

11.  GRANTORS' CONTINUING OBLIGATION. This Deed of Trust shall remain as security for full payment of the Debt and for performance of any existing and/or future obligation or future advance evidenced by the Note or other Document, notwithstanding any of the following: (a) the sale or release of all or any part of the Property; (b) the assumption by another party of Grantors' obligations under this Deed of Trust, the Note or other Document; (c) the forbearance or extension of time for payment of the Debt or for performance of any obligations

1769 NC NB

under this Deed of Trust, the Note or other Document, whether granted to Grantors or to a subsequent owner of the Property; or (d) the release of any party who has assumed payment of the Debt or who assumed any other obligations under this Deed of Trust, the Note or other Document. None of the foregoing shall, in any way, affect the full force and effect of the lien of this Deed of Trust or impair Beneficiary's right to a deficiency judgment in the event of foreclosure against Grantors or any party who had assumed payment of the Debt or who assumed any other obligations the performance of which is secured by this Deed of Trust.

12. SUBSTITUTION OF TRUSTEE. Beneficiary shall have the unqualified right to remove the individual designated as Trustee on the first page of this Deed of Trust, and to appoint one or more substitute or successor Trustees by instruments filed for registration in the County Registry where this Deed of Trust is recorded. Any such removal or appointment may be made at any time and from time to time without notice to or consent by Grantors, without specifying any reason therefor, and without any court approval. Any such appointee shall become fully vested with title to the Property and with all rights, powers and duties conferred upon the individual originally designated as Trustee, in the same manner and to the same effect as though that party were named herein as the original Trustee.

13. INDEMNIFICATION IN EVENT OF ADVERSE CLAIMS. In the event that Beneficiary or Trustee voluntarily or otherwise shall become parties to any suit or legal proceeding involving the Property, they shall be saved harmless and shall be reimbursed by Grantors for any amounts paid, including all costs, charges and attorney's fees incurred in any such suit or proceeding, and the same shall be secured by this Deed of Trust and payable upon demand.

14. INSPECTION. Beneficiary may at any reasonable time and from time to time make or cause to be made reasonable entries upon, investigations, and inspections of the Property, including without limitation any inspections or investigations such as sampling and testing which may be necessary or desirable to review compliance with Environmental Laws.

15. WARRANTIES. Grantors covenant with and warrant to Trustee and Beneficiary that Grantors are seized of the Property in fee simple, has the right to convey the same in fee simple, that title to the Property is marketable and free and clear of all encumbrances, and that Grantors will warrant and defend the title against the lawful claims of all persons whomsoever, subject only to any permitted declarations, easements, restrictions or encumbrances listed in the title opinion or title insurance policy which Beneficiary obtained in the transaction in which Beneficiary obtained this Deed of Trust.

16. ATTORNEYS' FEES. In the event that Grantors or Borrowers shall default in their obligations under this Deed of Trust, the Note or other Document, and Beneficiary employs an attorney to assist in the collection of the Debt or to enforce compliance of Grantors or Borrowers with any of the provisions of this Deed of Trust, the Note or other Documents or in the event Beneficiary or Trustee shall become parties to any suit or legal proceeding (including any proceeding conducted before any United States Bankruptcy Court) concerning the Property, concerning the lien of this Deed of Trust, concerning collection of the Debt or concerning compliance by Grantors with any of the provisions of this Deed of Trust, the Note or other Document, Grantors shall pay Beneficiary's reasonable attorneys' fees and all of the costs that may be incurred, and such fees and costs shall be secured by this Deed of Trust and its payment enforced as if it were a part of the Debt. Grantors shall be liable for such attorneys' fees and costs whether or not any suit or proceeding is commenced.

17. ANTI-MARSHALLING PROVISIONS. Trustee and Beneficiary may grant releases at any time and from time to time of all or any portion of the Property (whether or not such releases are required by agreement among the parties) agreeable to Trustee and Beneficiary without notice to or the consent, approval or agreement of other parties and interests, including junior lienors and purchasers subject to the lien of this Deed of Trust, and such releases shall not impair in any manner the validity of or priority of this Deed of Trust on that portion of the Property remaining subject to this Deed of Trust, nor release Grantors from personal liability for the Debt. Notwithstanding the existence of any other security interests in the Property held by Beneficiary or by any other party, Beneficiary shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies available to Beneficiary, and Beneficiary shall further have the right to determine the order in which any or all portions of the Debt are satisfied from the proceeds realized upon the exercise of any remedy it has. Grantors, or any party who consents to this provision, or any party who has actual or constructive notice hereof, hereby waive any and all rights to require the marshalling of assets in connection with the exercise of any of the remedies permitted by applicable law or provided herein.

18. ENVIRONMENTAL WARRANTIES, INDEMNITIES AND AGREEMENTS. Grantors for themselves, their successors and assigns represent, warrant and agree that (a) neither Grantors nor any other person has generated, manufactured, stored, treated, processed, released, discharged or disposed of any Hazardous Materials on the Property or received any notice from any Governmental Authority (hereinafter defined) or other person with regard to a release of Hazardous Materials on, from or otherwise affecting the Property; (b) neither Grantors or any other person has violated any applicable Environmental Laws (hereinafter defined) relating to or affecting the Property; (c) the Property is presently being operated in compliance with all Environmental Laws; there are no circumstances presently existing upon or under the Property, or relating to the Property which may violate any applicable Environmental Laws, and there is not now pending, or threatened, any action, suit, investigation or proceeding against Grantors relating to the Property (or against any other party relating to the Property) seeking to enforce any right or remedy under any of the Environmental Laws; (d) except in strict compliance with Environmental Laws, the Property shall be kept free of Hazardous Materials and shall not be used to generate, manufacture, transport, treat, store, handle, dispose, process or release Hazardous Materials; (e)

1769 NC NB

Page 4 of 9

Grantors shall at all times comply with and ensure compliance by all other parties with all applicable Environmental Laws and shall keep the Property free and clear of any liens imposed pursuant to any applicable Environmental Laws; (f) Grantors has obtained and will at all times continue to obtain and/or maintain all licenses, permits and other directives from any Governmental Authority necessary to comply with Environmental Laws; Grantord are in full compliance with the terms and provisions of the Environmental Requirements (hereinafter defined) and will continue to comply with the terms and provisions of the Environmental Requirements; (g) Grantors shall immediately give Beneficiary oral and written notice in the event that Grantors receive any notice from any Governmental Authority or any other party with regard to any release or storage of Hazardous Materials on, from or affecting the Property and shall conduct and complete all investigations, sampling, and testing, and all remedial, removal, and other actions necessary or required to clean up and remove all Hazardous Materials on, from or affecting the Property in accordance with all applicable Environmental Laws. Grantors hereby agree to indemnify Beneficiary and hold Beneficiary harmless from and against any and all losses, liabilities, damages, injuries (including, without limitation, reasonable attorneys' fees) and claims of any and every kind whatsoever paid, incurred or suffered by, or asserted against Beneficiary for, with respect to, or as a direct or indirect result of (i) the presence on, or under, or the escape, spillage, emission or release on or from the Property of any Hazardous Material regardless of whether or not caused by or within the control of Grantors, (ii) the violation of any Environmental Laws or Environmental Requirements relating to or affecting the Property, whether or not caused by or within the control of Grantors, (iii) the failure by Grantors to comply fully with the terms and provisions of this paragraph, or (iv) any warranty or representation made by Grantors in this paragraph being false or untrue in any material respect. The obligations and liabilities of Grantors under this paragraph shall survive the foreclosure of the Deed of Trust, the delivery of a deed in lieu of foreclosure, the cancellation of the Note; or if otherwise expressly permitted in writing by the Bank, the sale or alienation of any part of the Property.

In the event that any of the Grantors' representations or warranties shall prove to be materially false or Grantors fail to satisfy any Environmental Requirement, Beneficiary, in its sole discretion, may (i) choose to assume compliance with governmental directives and the Grantors agree to reimburse Beneficiary for all costs, expenses (including all reasonable attorneys' fees, whether in-house or independent), fines, penalties, judgments, suits, or liabilities whatsoever associated with such compliance; or (ii) seek all legal and equitable remedies available to it including, but not limited to, injunctive relief compelling Grantors to comply with all Environmental Requirements relating to the Property. Beneficiary's rights hereunder shall be in addition to all rights granted under the Note or other Document and payments by Grantors under this provision shall not reduce Grantors' obligations and liabilities thereunder. In the event Beneficiary undertakes compliance with Environmental Requirements which Grantors failed to perform or which Beneficiary determines is necessary to sell all or any part of the Property, Grantors authorize Beneficiary and/or Beneficiary's agents to prepare and execute on Grantors' behalf, any manifest or other documentation relating to the removal and/or disposal of any Hazardous Materials, from, at or on the Property. Grantors acknowledge that Beneficiary does not own, or have a security interest in, any Hazardous Materials which exist on, originate from or affect the Property. All amounts expended by the Beneficiary in connection with the exercise of its rights hereunder (including reasonable attorneys' fees and the fees of any environmental consultants) shall become part of the indebtedness secured by this Deed of Trust.

For purposes of this Deed of Trust: "Environmental Laws" means the Comprehensive Environmental Response, Compensation and Liability Act, the Hazardous Materials Transportation Act, the Resource Conservation and Recovery Act, any "Super Fund" or "Super Lien" law, or any other federal, state, or local law, regulation or decree regulating, relating to or imposing liability or standards of conduct concerning any Hazardous Materials. "Environmental Requirement" means any administrative orders, directives, judgments, consent orders, permits, licenses, authorizations, consents, settlements, agreements or other formal or informal directions or guidance issued by or entered into with any Governmental Authority or private party, including the provisions of any Environmental Law, which obligate or commit Grantors to investigate, remediate, treat, monitor, dispose or remove Hazardous Materials. "Governmental Authority" means any federal, state or local agency, department, court or other administrative legislative or regulatory federal, state or local governmental body, or any private individual or entity acting in place of such entities. "Hazardous Materials" means and includes petroleum products, any flammable explosives, radioactive materials, asbestos or any material containing asbestos, and/or any hazardous, toxic or dangerous waste, substance or material defined as such in the Environmental Laws.

19. EVENTS OF DEFAULT. Grantors shall be in default under this Deed of Trust upon the occurrence of any of the following:

(a) Default in the payment or performance of any of the Debt, or of any covenant or warranty in this Deed of Trust, in the Note or other Document, in any Hedge Agreement or other note or instrument of Grantors or Borrowers to Beneficiary; or in any contract between Grantors and Beneficiary; or in any contract between any third party and Beneficiary made for the benefit of Grantors; or

(b) Any warranty, representation or statement made or furnished to Beneficiary by or on behalf of Grantors or Borrowers in connection with this transaction proving to have been false in any material respect when made or furnished; or

(c) Loss, theft, substantial damage, destruction to or of the Property, or the assertion or making of any levy, seizure, mechanic's or materialman's lien or attachment thereof or thereon; or

(d) Death, dissolution, termination of existence, insolvency, business failure, appointment of a Receiver for any part of the property of, assignment for the benefit of creditors by, or the inability to pay debts in the ordinary course of business of Grantors, Borrowers or any co-maker, endorser, guarantor or surety therefor; or

1769 NC NB

0406
2184

BK: 00406    PG: 2184

(e) Failure of any corporate Grantor, Borrower or any co-maker, endorser, guarantor or surety for Grantors or Borrowers to maintain its legal existence in good standing; or

(f) Upon the entry of any monetary judgment or the assessment of filing of any tax lien against Grantors or Borrowers; or upon the issuance of any writ of garnishment or attachment against any property of debts due or rights of Grantors or Borrowers; or

(g) The sale (including sale by land contract upon delivery of possession), transfer or encumbrance of all or any part of the Property or any interest therein, or any change in the ownership or control of Grantors or Borrowers, without Beneficiary's prior written consent; or

(h) If Beneficiary in good faith should otherwise deem itself, its security interests, the Property or the Debt unsafe or insecure; or should Beneficiary in good faith otherwise believe that the prospect of payment or other performance is impaired.

20. REMEDIES OF BENEFICIARY UPON DEFAULT. Upon the occurrence of any event of default, Beneficiary may, at its option, without prior notice to Grantors, declare the Debt to be immediately due and payable in full; and, on application of Beneficiary, Trustee shall foreclose this Deed of Trust in any manner permitted by North Carolina law, including selling the Property or any part thereof at public sale to the last and highest bidder for cash, free of any equity of redemption, homestead, dower, courtesy or other statute or federal exemption, all of which are expressly waived by Grantors, after compliance with applicable North Carolina laws relating to foreclosure sales under power of sale; and Trustee shall execute and deliver to the purchaser a Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. The proceeds of any such sale shall be applied in the manner and in the order prescribed by applicable North Carolina law, it being agreed that the expenses of any such sale shall include a commission of five per cent of the gross sales price to Trustee for holding such sale and for all services performed by it hereunder excluding expenses incurred in making sale. In the event a foreclosure suit or special proceeding is commenced, and no sale is held, then Grantors shall pay to Trustee: 1) all expenses incurred by Trustee and 2) a partial commission computed on five per cent of the balance of the unpaid Debt. Beneficiary may bid and become the purchaser at any sale under this Deed of Trust. At any such sale Trustee may at its election require the successful bidder immediately to deposit with Trustee cash in an amount equal to all or any part of the successful bid, and notice of any such requirement need not be included in the advertisement of the notice of such sale. If foreclosure proceedings are instituted under this Deed of Trust, Trustee is hereby authorized to take possession of the Property and collect any rental, accrued or to accrue; or Trustee may lease the Property or any part thereof, receive the rents and profits therefrom, and hold the proceeds remaining after payment of the expenses of managing and operating the Property subject to the order of the court for the benefit of Beneficiary, pending final disposition of the foreclosure proceedings, and during any period allowed by applicable law for the redemption from any foreclosure sale ordered in such proceedings; and Trustee may act irrespective of the value of the Property or its adequacy or inadequacy to secure or discharge the indebtedness then owing.

In addition, if a default shall have occurred and be continuing, Beneficiary, upon application to a court of competent jurisdiction, shall be entitled as a matter of right without notice and without regard to the occupancy or value of any security for the Debt or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and operate the Property and collect and apply the revenues, and Grantors hereby consent thereto. The receiver shall have all of the rights and powers permitted under the laws of the State of North Carolina. Grantors will pay to Beneficiary upon demand, all expenses, including receivers' fees, reasonable attorneys' fees, costs and agent's compensation, all incurred pursuant to such appointment, all of which shall be considered a part of the Debt secured hereby. In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition or other proceedings affecting Grantors or the creditors or property of Grantors, Beneficiary, to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have the claims of Beneficiary allowed in such proceedings for the entire amount of the Debt at the date of the institution of such proceedings and for any additional portion of the Debt accruing after such date.

21. RELEASE AND CANCELLATION. Upon fulfillment of all of obligations, the performance of which is secured by this Deed of Trust, and upon payment of the Debt, this Deed of Trust and the Note or other Document shall be marked "Satisfied" and returned to Grantors, and this conveyance shall be null and void and may be cancelled of record at the request and cost of Grantors, and title to the Property shall revert as provided by law.

22. MISCELLANEOUS. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and shall not be used to interpret or define any provisions. All remedies provided herein are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively. All covenants contained herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors or assigns of the parties to this Deed of Trust, and the designations "Grantor(s)", "Trustee", "Beneficiary" and "Borrower(s)" include the parties, their heirs, executors, administrators, successors and assigns. The designations "Corporate", "Corporation", and "Partnership" include limited liability companies and limited liability partnerships. Whenever used, the singular number shall include the plural, and the plural the singular, and the use of any gender shall be applicable to all genders. This Deed of Trust shall be governed by and construed under North Carolina law. Any forbearance by Beneficiary in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall                    not                    be                    a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Beneficiary shall not be a waiver of Beneficiary's right to accelerate the maturity

1769 NC NB

of the Debt. Time is of the essence in the payment or performance of any of the obligations, or of any covenant or warranty contained in this Deed of Trust or in the Note, or other Document.

IN TESTIMONY WHEREOF, each individual Grantor has hereunto set his hand and adopted his seal the word "SEAL" appearing beside or near his signature, this sealed instrument being executed and delivered on the date first above written.

Grantor: _____ (SEAL)
                William N. Adkins          (SEAL)

Grantor: _____ (SEAL)
                Lavinia Adkins             (SEAL)

Grantor: _____ (SEAL)
                Mark R. Adkins             (SEAL)

STATE OF NORTH CAROLINA
COUNTY OF _____

I, _____, a Notary Public, do hereby certify that William N. Adkins, an individual, personally appeared before me this day and acknowledged that he voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 12th day of March, 2010.

_____ (SEAL)
Notary Public

My Commission Expires: 9-27-2011

STATE OF NORTH CAROLINA
COUNTY OF Mecklenburg

I, Ann Marie Cahill, a Notary Public, do hereby certify that Lavinia Adkins, an individual, personally appeared before me this day and acknowledged that she voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 11th day of March, 2010.

_____ (SEAL)
Notary Public

My Commission Expires: 7/28/12

STATE OF NORTH CAROLINA
COUNTY OF _____

I, _____, a Notary Public, do hereby certify that Mark R. Adkins, an individual, personally appeared before me this day and acknowledged that he voluntarily signed this Document for the purposes stated therein.

Witness my hand and official stamp or notarial seal, this 12th day of March, 2010.

_____ (SEAL)
Notary Public

My Commission Expires: 9-27-2011

The foregoing or annexed certificate(s) of _____, Notary(ies) Public, has(have) been verified to have the signature, commission expiration date, and official seal, if required. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ REGISTER OF DEEDS FOR _____ COUNTY

By: _____ Deputy/Assistant – Register of Deeds.

1769 NC NB

Page 7 of 9

Exhibit A
North Carolina Deed of Trust and
Security Agreement

BK: 00406   PG: 2186

BEING all that certain property situated in Obids Township, Ashe County, North Carolina, more particularly described as follows:

BEGINNING at a 7/8 inch iron pipe found at 1,092.30 feet, thence N 22 deg. 15' 01" E, 85.66 feet, thence W with boundary line of Landstar Development, LLC property, Deed Book 323, page 655, Ashe County Parcel ID# 12342-18; thence N 10 deg. 14' 14" W, 729.44 feet to an iron pipe found; thence N 20 deg. 21' 09" W, 20.47 feet; thence N 17 deg. 00' 29" W, 63.59 feet to a point; thence N 23 deg. 35' 09" W, 37.25 feet to a ½ inch iron pipe in the boundary line of property now or formerly owned by Beauford Marsh, Deed Book 324, page 1732-1733, parcel ID# 12342-344; thence S 77 deg. 29' 47" E, 235.84 feet to a 3/4 inch iron pipe found; thence S 59 deg. 46' 55" E, 149.90 feet to an iron pipe found; thence N 21 deg. 17' 46" E, 83.97 feet to an iron pipe found; thence with the boundary line of lands now or formerly owned by Beauford and Betty Mash, Deed Book 327, page 1325-1326 Parcel ID# 12342-345, S 69 deg. 03' 19" E, 552.23 feet to an iron found; thence N 32 deg. 47' 10" E, 51.67 feet to a 1/2-inch square pipe found; thence S 20 deg. 02' 00" E, 181.53 feet with an old road bed to a ½" rebar set, thence S 53 deg. 02' 00" E, 67.41 feet to an iron pipe found, thence with the boundary line of property now or formerly owned by Homer Blen Mash and Evelyn Mash, Deed Book 365, pages 1195-1197, Parcel ID# 12342-047, S 61 deg. 51' 33" W, 1,094.28 feet to the point of BEGINNING, containing 11.594 acres, and being the lands surveyed by Tennessee Land Surveying Co., Fred C. Howell, a North Carolina Professional Land Surveyor, License #L-1483, as shown on that map entitled "Plat of Survey of the Property of Zell Miller" dated 11/09/2007, surveyed for: Mark & Will Adkins/ Landstar Development LLC.

It is the Grantors' intention by this conveyance to convey to the Trustee, its successors and assigns, along with the specifically described tract above, all and every interest they have in and to that certain 55 acre tract, more or less, that was conveyed by Don and Exie Mash to Beauford H. Mash, Zel Mash Miller, and H. Blen Mash by deed dated 18 October 1953, and recorded in Deed Book 141, at page 1077, Ashe County Registry.

All of the foregoing property is the same and identical property conveyed to WILLIAM N. ADKINS and MARK A. ADKINS (being one and the same person as Mark R. Adkins) by deed dated 12-6-07 from SHEILA MILLER, Single; GRADY MILLER and wife, BRENDA MILLER; MICHELLE MILLER, Single; and MELISSA M. TROYER and husband, RYAN TROYER, all heirs at law of Zell Miller (being one and the same person as Zel Mash Miller), recorded in Book 375 at Page 1975, Ashe County Registry.

0406
2187

Schedule I
to
North Carolina Deed of Trust and
Security Agreement

All promissory notes or other debt obligations listed herein are made in favor of Beneficiary as Payee and are secured by this Deed of Trust.

(1)   Promissory Note from Waterfront Group NC, LLC dated March 21, 2008, including all amendments and modifications thereto, in the original principal amount of $9,000,000.00;

(2)   Promissory Note from Adkins Land Group, Inc. dated February 14, 2007, including all amendments and modifications thereto, in the original principal amount of $3,000,000.00;

(3)   Guaranty Agreement of William N. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Adkins Land Group, Inc. to Beneficiary;

(4)   Guaranty Agreement of William N. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Waterfront Group NC, LLC to Beneficiary;

(5)   Guaranty Agreement of William N. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Landstar Development, LLC to Beneficiary

(6)   Guaranty Agreement of Mark R. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Adkins Land Group, Inc. to Beneficiary;

(7)   Guaranty Agreement of Mark R. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Waterfront Group NC, LLC to Beneficiary;

(8)   Guaranty Agreement of Mark R. Adkins dated March 12, 2010 guaranteeing all debts and obligations of Landstar Development, LLC to Beneficiary

(9)   Any other note or other document now or hereafter evidencing any debt or obligation whatsoever incurred by any Borrower and payable to Beneficiary.

1769 NC NB

BK: 00447   PG: 2246

FILED
ASHE COUNTY
DEAETT R. ROTEN
REGISTER OF DEEDS

| | |
|---|---|
| FILED | Jan 21, 2014 |
| AT | 04:07:00 pm |
| BOOK | 00447 |
| START PAGE | 2246 |
| END PAGE | 2255 |
| INSTRUMENT # | 00326 |

## BILL OF SALE AND ASSIGNMENT OF LOAN DOCUMENTS

FOR VALUE RECEIVED, BRANCH BANKING AND TRUST COMPANY ("Assignor") hereby grants, assigns, sets over and transfers to PATTEN SALES AND MARKETING, LLC ("Assignee"), all of Assignor's right, title, and interest under those certain Loan Documents as defined on Schedule A hereto.

THIS CONVEYANCE is made **WITHOUT RECOURSE, WARRANTY OR REPRESENTATION.**

IN WITNESS WHEREOF, the undersigned has executed, signed and sealed this Bill of Sale and Assignment of Loan Documents as of March 11, 2013.

BRANCH BANKING AND TRUST COMPANY

By: _____

John E. Beasley
Title:  Senior Vice President

STATE OF ALABAMA          )
                          )
COUNTY OF MONTGOMERY      )


I, the undersigned, a Notary Public in and for the State and County aforesaid, do hereby certify that John E. Beasley, Senior Vice President of BRANCH BANKING AND TRUST COMPANY, whose name is signed to the foregoing Bill of Sale and Assignment of Loan Documents, appeared before me this 11 day of March, 2013, and acknowledged that the foregoing is the true act and deed on behalf of the bank.

_____
Notary Public

My Commission expires: NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: May 8, 2013
[Notarial Seal]          BONDED THRU NOTARY PUBLIC UNDERWRITERS



BK: 00447   PG: 2247

SCHEDULE A
to Bill of Sale and Assignment of Loan Documents

**Waterfront Group NC, LLC**
**9631490546-00004**

Forbearance Agreement dated March 12, 2010 between Branch Banking and Trust company and Waterfront Group NC, LLC; Adkins Land Groups, Inc.; Landstar Development, LLC; Adkins Aviation, LLC; Waterfront Group, Inc.; Waterfront Group, LLC; Swiper Lot Clearing, Inc.; Waterfront Group Florida, LLC; NC Mountain Investments, LLC; William N. Adkins; and Mark R. Adkins.

Amendment to Forbearance Agreement dated August 23, 2010 between Branch Banking and Trust company and Waterfront Group NC, LLC; Adkins Land Groups, Inc.; Landstar Development, LLC; Adkins Aviation, LLC; Waterfront Group, Inc.; Waterfront Group, LLC; Swiper Lot Clearing, Inc.; Waterfront Group Florida, LLC; NC Mountain Investments, LLC; William N. Adkins; Mark R. Adkins and Lavinia Adkins.

Promissory Note dated March 21, 2008 in the amount of $9,000,000.00 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

Note Modification Agreements dated March 12, 2010 and August 23, 2010 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by William N. Adkins in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by Waterfront Group Florida, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by Landstar Development, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by NC Mountain Investments, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by Adkins Land Group Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by Mark Robert Adkins in favor of Branch Banking and Trust Company.

0447
2248

Guaranty Agreement dated March 21, 2008 executed by Waterfront Group Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 21, 2008 executed by Waterfront Group, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Swiper Lot Clearing, Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group, Inc. in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group Florida, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by NC Mountain Investments, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Landstar Development, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Adkins Land Group, Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Adkins Aviation, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by William N. Adkins in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Mark R. Adkins in favor of Branch Banking and Trust Company.

Loan Agreement dated March 21, 2008 executed by Waterfront Group NC, LLC, Mark Adkins, William Adkins, Waterfront Group LLC, Waterfront Group Inc, Waterfront Group Florida LLC, Landstar Development LLC, NC Mountain Investments, LLC and Adkins Land Group Inc in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

0447
2249

BK: 00447    PG: 2249

BB&T Security Agreement dated March 12, 2010 granted by Landstar Development, LLC in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Adkins Land Group, Inc. in favor of Branch Banking and Trust Company.

Security Agreement dated August 23, 2010 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

North Carolina Deed of Trust dated March 21, 2008 granted by Waterfront Group NC, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on April 1, 2008 in Book 394 at Page 137 in the Office of the Register of Deeds of Chowan County, North Carolina.

Deed of Trust dated March 12, 2010 granted by William N. Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2179 in the Office of the Register of Deeds of Ashe County, North Carolina.

Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2198 in the Office of the Register of Deeds of Ashe County, North Carolina.

Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 335 at Page 178 in the Office of the Register of Deeds of Alleghany County, North Carolina.

Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 500 at Page 650 in the Office of the Register of Deeds of Mitchell County, North Carolina.

Deed of Trust Dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 419 at Page 866 in the Office of the Register of Deeds of Chowan County, North Carolina.

Lawyers Title Insurance Corporation Policy Number G47-3385676.

UCC Financing Statement recorded on March 15, 2010 in Book 419 at Page 876 in the Office of the Register of Deeds of Chowan County, North Carolina.

**Waterfront Group, LLC**
**9631490546-00005**

Forbearance Agreement dated March 12, 2010 between Branch Banking and Trust company and Waterfront Group NC, LLC; Adkins Land Groups, Inc.; Landstar Development, LLC; Adkins Aviation, LLC; Waterfront Group, Inc.; Waterfront Group, LLC; Swiper Lot Clearing, Inc.; Waterfront Group Florida, LLC; NC Mountain Investments, LLC; William N. Adkins; and Mark R. Adkins.

Amendment to Forbearance Agreement dated August 23, 2010 between Branch Banking and Trust company and Waterfront Group NC, LLC; Adkins Land Groups, Inc.; Landstar Development, LLC; Adkins Aviation, LLC; Waterfront Group, Inc.; Waterfront Group, LLC; Swiper Lot Clearing, Inc.; Waterfront Group Florida, LLC; NC Mountain Investments, LLC; William N. Adkins; Mark R. Adkins and Lavinia Adkins.

Promissory Note dated March 12, 2010 in the amount of $1,800,000.00 executed by Waterfront Group NC, LLC and Landstar Development, LLC in favor of Branch Banking and Trust Company.

Note Modification Agreement dated August 23, 2010 executed by Waterfront Group NC, LLC and Landstar Development, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Adkins Land Group, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Adkins Aviation, LLC in favor of Branch Banking and Trust Company.

Deed of Trust Dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 419 at Page 857 in the Office of the Register of Deeds of Chowan County, North Carolina.

Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2188 in the Office of the Register of Deeds of Ashe County, North Carolina.

Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 500 at Page 642 in the Office of the Register of Deeds of Mitchell County, North Carolina.

Deed of Trust dated March 12, 2010 granted by William N. Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2171 in the Office of the Register of Deeds of Ashe County, North Carolina.

BB&T Security Agreement dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Landstar Development, LLC in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Adkins Land Group, Inc. in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated August 23, 2010 granted by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

UCC Financing Statement recorded on March 15, 2010 in Book 419 at Page 876 in the Office of the Register of Deeds of Chowan County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 500 at Page 659 in the Office of the Register of Deeds of Mitchell County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 335 at Page 187 in the Office of the Register of Deeds of Alleghany County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 406 at Page 2209 in the Office of the Register of Deeds of Ashe County, North Carolina.

**Timberline Corporation (Adkins Land Group,Inc)**
**9630032528-00024**

Forbearance Agreement dated March 12, 2010 executed by Adkins Land Group Inc, Mark R. Adkins, Swiper Lot Clearing Inc, Waterfront Group Inc, Waterfront Group NC LLC, Landstar Development LLC, Waterfront Group LLC, Waterfront Group Florida, LLC, NC Mountain Investments LLC, Adkins Aviation, LLC and  William N. Adkins in favor of Branch Banking and Trust Company.

Amendment to Forbearance Agreement dated August 23, 2010 executed by Waterfront Group NC LLC, Adkins Land Group Inc, Landstar Development LLC, Adkins Aviation LLC, Waterfront Group Inc, Waterfront Group LLC, Swiper Lot Clearing Inc, Waterfront Group Florida LLC, NC Mountain Investments LLC, William N. Adkins, Mark R. Adkins and Lavinia Adkins in favor of Branch Banking and Trust Company.

Promissory Note dated February 14, 2007 in the amount of $3,000,000.00 executed by Adkins Land Group Inc in favor of Branch Banking and Trust Company.

Note Modification Agreement dated February 22, 2008; April 22, 2009; June 26, 2009; March 12, 2010 and August 23, 2010 executed by Adkins Land Group Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Waterfront Group, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Land Survey Group, Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Waterfront Group FL, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Mark Robert Adkins in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by William N. Adkins in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Adkins Aviation Services, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Four Seasons Landscaping & Construction in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Landstar Development, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by Waterfront Group, Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated February 14, 2007 executed by The Company Store, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Swiper Lot Clearing, Inc in favor of Branch Banking and Trust Company.

0447
2253

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group, Inc in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Waterfront Group Florida, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by NC Mountain Investments, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Landstar Development, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Adkins Aviation, LLC in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by William N. Adkins in favor of Branch Banking and Trust Company.

Guaranty Agreement dated March 12, 2010 executed by Mark R. Adkins in favor of Branch Banking and Trust Company.

Loan Agreement dated February 14, 2007 executed by Adkins Land Group Inc, Mark R. Adkins, William N. Adkins, Adkins Aviation Service LLC, Four Seasons Landscaping Inc, Landstar Development LLC, Waterfront Group FL LLC, The Company Store LLC, Waterfront Group LLC, Waterfront Group Inc, Waterfront Group NC LLC and Land Survey Group Inc in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Landstar Development, LLC in favor of Branch Banking and Trust Company.

BB&T Security Agreement dated March 12, 2010 granted by Adkins Land Group, Inc. in favor of Branch Banking and Trust Company.

Security Agreement dated August 23, 2010 executed by Waterfront Group NC, LLC in favor of Branch Banking and Trust Company.

0447
2254

BK: 00447  PG: 2254

Tennessee Deed of Trust dated February 14, 2007 granted by William N. Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 7, 2007 in Book 445 at Page 449 in the Office of the Register of Deeds of Dekalb County, Tennessee.

North Carolina Deed of Trust dated February 14, 2007 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 7, 2007 in Book 454 at 459 in the Office of the Register of Deeds of Mitchell County, North Carolina.

North Carolina Deed of Trust dated February 14, 2007 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 8, 2007 in Book 304 at 271 in the Office of the Register of Deeds of Alleghany County, North Carolina.

North Carolina Deed of Trust dated February 14, 2007 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 8, 2007 in Book 362 at 554 in the Office of the Register of Deeds of Ashe County, North Carolina.

North Carolina Deed of Trust and Security Agreement dated March 11, 2010 granted by William N. Adkins, Lavinia Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at 2179 in the Office of the Register of Deeds of Ashe County, North Carolina.

North Carolina Deed of Trust and Security Agreement dated March 11, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at 2198 in the Office of the Register of Deeds of Ashe County, North Carolina.

North Carolina Deed of Trust and Security Agreement dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 335 at 178 in the Office of the Register of Deeds of Alleghany County, North Carolina.

North Carolina Deed of Trust and Security Agreement dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 500 at 650 in the Office of the Register of Deeds of Mitchell County, North Carolina.

North Carolina Deed of Trust and Security Agreement dated March 12, 2010 granted by Waterfront Group NC, LLC in favor of BB&T Collateral Service Corporation for the benefit of

Branch Banking and Trust Company and recorded on March 15, 2010 in Book 419 at 866 in the Office of the Register of Deeds of Chowan County, North Carolina.

Negative Pledge Agreement dated June 26, 2009 executed by William M. Adkins and Mark R. Adkins in favor of Branch Banking and Trust Company and recorded on July 15, 2009 in Book 399 at Page 1625 in the Office of the Register of Deeds of Ashe County, North Carolina.

Negative Pledge Agreement dated June 26, 2009 executed by Landstar Development, LLC in favor of Branch Banking and Trust Company and recorded on July 15, 2009 in Book 399 at Page 1632 in the Office of the Register of Deeds of Ashe County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 419 at Page 876 in the Office of the Register of Deeds of Chowan County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 500 at Page 659 in the Office of the Register of Deeds of Mitchell County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 335 at Page 187 in the Office of the Register of Deeds of Alleghany County, North Carolina.

UCC Financing Statement recorded on March 15, 2010 in Book 406 at Page 2209 in the Office of the Register of Deeds of Ashe County, North Carolina.

Investors Title Insurance Company Policy Number 200700403ET.

Chicago Title Insurance Company Policy Number 72307-80742782.

0447
2256

Filed: 06/12/2013 10:41:32 AM
Susan S. Rountree, Register of Deeds
Chowan County, NC

FILED
ASHE COUNTY
DEAETT R. ROTEN
REGISTER OF DEEDS

BOOK **455**   PAGE **550** (3)

401615

| FILED | Jan 21, 2014 |
| AT | 04:07:43 pm |
| BOOK | 00447 |
| START PAGE | 2256 |
| END PAGE | 2258 |
| INSTRUMENT # | 00327 |

*(Space above is for Recorder's use)*

BK: 00447   PG: 2256

Prepared By:
Branch Banking and Trust Company
2000 Interstate Park, Suite 400
Montgomery, AL 36109

Pins - N/A

When Recorded Mail To:
Susan Harman-Scott
Kellogg and Evans, P.A.
P.O. Box 189
Manteo, NC 27954

## ASSIGNMENT SECURITY INSTRUMENTS

BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation aka Branch Banking and Trust Company of NC ("Grantor"), whose address is 2000 Interstate Park, Suite 400, Montgomery, AL 36109, Attention: John E. Beasley, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to PATTEN SALES AND MARKETING, LLC ("Grantee") whose address is 821 5th Ave S., Naples, FL 34102, Attn: Mike Patten, all of Grantor's right, title and interest in and to those Security Instruments described on Schedule "A", together with the real property therein described as the same may have been assigned, amended, supplemented, restated or modified.

TO HAVE AND TO HOLD the same unto Grantee and its successors and assigns forever.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

Effective as of March 11, 2013.

0447
2257

Book 455

Page 551

BK: 00447 PG: 2257

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation

By: _____
     John E. Beasley
Title:  Senior Vice President

STATE OF    ALABAMA       )

COUNTY OF MONTGOMERY    )

I, Annita Lynn Henderson_____, a Notary Public for the state and count written above, do hereby certify that John E. Beasley ("**Signatory**"), personally appeared before me this day and acknowledged that he is Senior Vice President of BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, and that he, as Senior Vice President, in such capacity and being authorized to do so, executed the foregoing instrument on behalf of the corporation. He is [✓] personally known to me or [ ] presented _____ as identification. The Signatory acknowledged to me that he/she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

Witness my hand and official stamp or seal this 11 day of March_____, 2013.

_____
Notary Public
Print Name: Annita Lynn Henderson
My Commission Expires!

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: May 8, 2013
BONDED THRU NOTARY PUBLIC UNDERWRITERS



SCHEDULE "A"
Assignment of Security Instruments

1.     Deed of Trust dated March 12, 2010 granted by William N. Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2171 in the Office of the Register of Deeds of Ashe County, North Carolina.

2.     Deed of Trust dated March 12, 2010 granted by William N. Adkins and Mark R. Adkins in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2179 in the Office of the Register of Deeds of Ashe County, North Carolina.

3.     Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2188 in the Office of the Register of Deeds of Ashe County, North Carolina.

4.     Deed of Trust dated March 12, 2010 granted by Landstar Development, LLC in favor of BB&T Collateral Service Corporation as trustee for the benefit of Branch Banking and Trust Company and recorded on March 15, 2010 in Book 406 at Page 2198 in the Office of the Register of Deeds of Ashe County, North Carolina.

5.     UCC Financing Statement recorded on March 15, 2010 in Book 406 at Page 2209 in the Office of the Register of Deeds of Ashe County, North Carolina.